CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

AUG 15 2005

JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| AUGUSTINE PEREZ,<br>    Petitioner, | )<br>)  Civil Action No. 7:05cv00488<br>)<br>) |
| v. | )  **MEMORANDUM OPINION &**<br>)  **FINAL ORDER**<br>) |
| UNITED STATES OF AMERICA,<br>    Respondent. | )  By: James C. Turk<br>)  Senior United States District Judge |

Petitioner, Augustine Perez, a federal inmate proceeding pro se, has submitted to the court what this court will construe as a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

Petitioner argues that his petition should be considered under Rule 60(b). Rule 60(b) permits the court to relieve a party from a final judgment, order, or proceeding for reasons of mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b). Such relief is an extraordinary remedy and should only be invoked on a showing of exceptional circumstances. Dowell v. State Farm Fire and Cas. Auto Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Additionally, "inadvertence, ignorance of the rules, or mistakes construing the rules" and delays caused by the postal service do not usually constitute 'excusable' neglect. Thompson v. E.I. DuPont de Nemours & Co., 76 F.3d 530, 533-34 (4th Cir. 1996) (quoting Pioneer Invest. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395 (1993)).

Perez has failed to suggest any circumstances which warrant relief. Perez has not alleged any of the factors listed in Rule 60(b) which would support granting relief, rather, Perez attempts to argue that this court misapplied the law in dismissing the matter. Whatever the purpose of Rule 60(b) may be, it is not to rehash those issues which have already been addressed in an earlier ruling. CNF

Constructors, Inc. v. Dohohoe Construction Co., 57 F.3d 395, 401 (4th Cir. 1995). Therefore, in this instance relief under Rule 60(b) is not appropriate.

As the court finds that Perez is not entitled to relief under Rule 60(b), the court will construe his petition as a §2255 motion. However, court records indicate that petitioner has previously filed a §2255 motion, Civil Action No. 7:97cv00179, regarding the same conviction and/or sentence. Thus, petitioner's current § 2255 motion is a second or subsequent one, falling under the provisions of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996). Under these amendments, this court may consider a second or successive § 2255 motion only upon specific certification from the United States Court of Appeals for the Fourth Circuit that the claims in the motion meet certain criteria. See § 2255, ¶8. As petitioner has not submitted any evidence of having obtained certification from the Court of Appeals to file a second or successive § 2255 motion, it is hereby

**ORDERED**

that the above referenced motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, shall be and hereby is **FILED** for administrative purposes only and **DISMISSED** without prejudice as successive.

Petitioner is hereby advised of the procedure for obtaining certification from the United States Court of Appeals for the Fourth Circuit to have this court review a successive § 2255 motion. Petitioner must submit a copy of successive § 2255 motion to the Court of Appeals, along with a motion requesting a three-judge panel certification that the district court may review the successive § 2255 motion. See 28 U.S.C. § 2244 (as amended, 1996). A Fourth Circuit form and instructions for filing this motion will be included with this notice or are available from the Fourth Circuit at the

following address: Office of the Clerk, United States Court of Appeals for the Fourth Circuit, 900 E. Main St., Richmond, VA 23219.

The Clerk is directed to send certified copies of this order to petitioner and to strike the case from the active docket of the court.

ENTER: This 15th day of August, 2005.

/s/ James C. Turk
Senior United States District Judge